**STATE, Appellee, v. SMITH, Appellant.**

Common Pleas Court, Butler County.

No. 69365.   Decided June 1, 1953.

Jackson Bosch, Pros. Atty., Hamilton, for State of Ohio.
Mark T. Brown, Hamilton, for defendant.

## OPINION

By CRAMER, J.

This cause is before the court upon the appellant's (hereinafter referred to as defendant) appeal from his conviction in the court of Harry Stretcher, Mayor of the Village of Trenton, Butler County, Ohio. The defendant was charged with violating §6307-37 (b) GC in that he backed his vehicle without exercising due diligence "so as not to injure other persons or property in and upon said highway."

The affidavit upon which the defendant was convicted was signed by State Highway Patrolman B. A. Joyce.

The defendant, before trial, objected to the jurisdiction of the mayor to finally hear and render judgment in the case.

The defendant contended before the mayor, and likewise contends here, that the mayor had no jurisdiction to render final judgment against him for the reason that the alleged offense was committed outside the corporate limits of the Village of Trenton—in Lemon Township, Butler County, Ohio —and that the affidavit charging the offense was signed by one other than the party injured.

The defendant takes the position that mayors are limited in their county wide jurisdiction in criminal matters to the same extent and by the same statutes which limit and define the jurisdiction of justices of the peace. He therefore urges, in support of his claim that the mayor had no jurisdiction to render final judgment against him, the decisions of this and other courts in Ohio which have held that justices of the peace have jurisdiction only in the following situations:

1. Where the affidavit is filed by the "party injured" and the accused enters a plea of guilty; or,

2. Where the affidavit is filed by any person, and the accused being entitled to a trial by jury, pleads not guilty and waives a jury and submits to be tried by the justice of the peace.

The State finds no fault with the defendant's claim respecting the jurisdiction of justices of the peace but insists that the jurisdiction of a mayor's court is limited and controlled by separate statutes pertaining solely to mayors' courts and they are not subject to those statutes which affect the criminal jurisdiction of justices of the peace.

These contentions necessitate an examination of the statutes which pertain exclusively to the criminal jurisdiction of mayors of villages.

**Sec. 4535 GC** gives to the mayor of a village final jurisdiction to hear and determine any prosecution for the violation of an ordinance unless imprisonment is prescribed as part of the punishment.

**Sec. 4536 GC** deals with the county wide jurisdiction of the mayor of a village in any misdemeanor and provides as follows:

"He shall have final jurisdiction to hear and determine any prosecution for a misdemeanor unless the accused is, by the constitution, entitled to a trial by jury. His jurisdiction in such cases shall be co-extensive with the county * * *"

**Sec. 4537 GC** gives the mayor of the village jurisdiction, notwithstanding the accused's right to a jury, if before the commencement of the trial a waiver in writing, signed by the accused, is filed in the case.

**Sec. 4538 GC** provides for the mayor summoning a jury and trying the accused in any prosecution for the violation of an ordinance where imprisonment is part of the prescribed punishment and the accused does not waive a jury.

**Sec. 4539 GC** provides that the mayor may decline to permit the trial mentioned in §4538 GC, whereupon he may either discharge the accused or recognize him to the Court of Common Pleas.

**Sec. 4540 GC** provides that the mayor may summon a jury to try a misdemeanor prosecuted in the name of the state

where the accused has a right to a jury which he has not waived if a request for such trial is filed in the case.

The foregoing statutes, in our opinion, require the conclusion that the mayor of a village has final jurisdiction to hear and determine any prosecution for a misdemeanor unless the accused is by the Constitution entitled to a trial by jury, in which event, if a jury waiver is signed by the accused, the mayor retains jurisdiction. If the offense is a violation of an ordinance where imprisonment is a part of the punishment and the accused does not waive a jury, the mayor may summon a jury and try the accused. However, in misdemeanors prosecuted in the name of the state, the mayor may summon a jury and try the case, notwithstanding the accused has the right to a jury which he has not waived, if a request for such trial subscribed by him is filed in the case before the commencement of the trial.

Where, as here, a conviction under the offense charged would not permit of either a jail sentence or a fine in excess of $50.00, and therefore the defendant would not be entitled to a trial by jury, clearly the mayor may exercise final county wide jurisdiction.

Our next inquiry is whether §13422-1 GC, which provides among other things that "the word 'magistrate' shall be held to include justices of the peace, police judges or justices, mayors of municipal corporations, etc.," impliedly repealed the provisions of §4535, et seq., GC, relating to the criminal jurisdiction of village mayors.

It is a recognized rule of law that it may be presumed to have been the intention of the legislature that all its enactments, which are not repealed, should be given effect. It has therefore been held that "a construction should be avoided which will render a part of the statutory law inoperative, meaningless, nugatory, purposeless, unnecessary or useless unless such a construction is manifestly required."

See 37 O. Jur., 617, Sec. 341.

It has also been said:

"The rule is that all laws newly enacted by the General Assembly must be performed to harmonize with existing statutes on kindred subjects neither expressly nor impliedly repealed."

37 O. Jur., page 622.

Secs. 13433-9 and 13433-10 GC concern all magistrates generally (these sections are relied upon by the defendant). However, §4535, et seq., GC, apply only to one class of magistrates, mayors.

It was held in the case of State, ex rel Comnar, 120 Oh St, 310, as follows:

"Special statutory provision for particular cases operate as exceptions to general provisions which might otherwise include the particular cases and such cases are governed by the special provisions."

It is our view that §4535, et seq., GC, defines criminal jurisdiction of mayors and §§13433-9 and 13433-10 GC, are inapplicable insofar as they might be construed to conflict therewith.

We have been aided considerably in our conclusion by the enlightening opinions of the Attorney General of Ohio, found in Volume 2, Opinions of the Attorney General, 1939, Opinion No. 1076, page 1547, and Opinions of the Attorney General, 1943, Opinion No. 6246, page 440.

It is our conclusion that the mayor of the Village of Trenton had final jurisdiction in this cause to pronounce the judgment which he did even though the alleged offense occurred beyond the limits of the Village of Trenton and the affidavit or complaint was not filed by the party injured.

Having determined that the mayor had final jurisdiction in this cause, we next consider the assignment of error made by the defendant, namely, "that the conviction is not sustained by sufficient evidence," and, "that the State of Ohio failed to prove the necessary allegations of the affidavit."

The Bill of Exceptions reveals that but two witnesses testified,—the State Patrolman, who was not present at the time of the commission of the alleged offense, and the driver of the vehicle immediately to the rear of defendant's truck.

A careful reading and consideration of the evidence incorporated in the Bill of Exceptions leads us to the conclusion that the same did not attain that degree of proof—beyond a reasonable doubt—required to sustain a conviction. We conclude that the judgment of the mayor is not sustained by sufficient evidence and is manifestly against the weight thereof.

The judgment of the mayor will therefore be reversed.

The reversal being on a ground other than that the mayor had no jurisdiction of the appellant or the subject of the action, this court will retain this cause for trial and final judgment.

See §12223-26 GC.